FILED

FEB 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE SUB CORPORATION, LTD., a California Corporation, | No. 08-56499 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-05822-R-CT |
| v. | MEMORANDUM[*] |
| BEST BUY CO. INC., a Minnesota Corporation doing business in California Erroneously Sued As Best Buy Stores L.P., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 8, 2010[**]
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,*** District Judge.

The Sub Corporation, Ltd. appeals the district court's summary judgment in favor of Best Buy Co., Inc. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The district court properly granted summary judgment on Sub Corp's claim that Best Buy violated California Business and Professions Code §§ 17043 and 17044, a part of California's Unfair Practices Act ("UPA"). To violate California Business and Professions Code §§ 17043 and 17044, "a company must act with the *purpose*, i.e., the desire, of injuring competitors or destroying competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 174-75, 178 (1999) (emphasis added). Mere knowledge that a retailer's below cost or loss leader sales will injure competitors or destroy competition is not sufficient. *See id*. at 173-75, 178. Under certain circumstances, an intent to injure competitors or destroy competition (an "injurious intent") will be presumed. Sub Corp relies on two statutory presumptions created by the Unfair Practices Act.

***  The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

California Business and Professions Code § 17071 provides that "proof of one or more acts of selling . . . any article or product below cost or at discriminatory prices, together with proof of the injurious effect of such acts, is presumptive evidence of the purpose or intent to injure competitors or destroy competition." The UPA does not define "injurious effect," but courts have interpreted it to mean "injury to a competitor or destruction of competition." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1049 n. 61 (9th Cir. 1981). Thus, to be entitled to a presumption of injurious intent under § 17071, Sub Corp must show that Best Buy's unlawful pricing practices diverted customers from or otherwise injured Best Buy's competitors generally or Sub Corp in particular. *See Dooley's Hardware Mart v. Food Giant Markets, Inc.*, 21 Cal.App.3d 513, 517 (1971).

California Business and Professions Code § 17071.5 contains a second statutory presumption of injurious intent:

> [P]roof of limitation of the quantity of any article or product sold or offered for sale to any one customer to a quantity less than the entire supply thereof owned or possessed by the seller or which he is otherwise authorized to sell at the place of such sale or offering for sale, together with proof that the price at which the article or product is sold or offered for sale is in fact below its invoice or replacement cost, whichever is lower, raises a presumption of the purpose or intent to injure competitors or destroy competition.

3

In other words, proof that Best Buy limited the quantity of items available for purchase to any one seller, together with proof that such item was sold below cost, will raise a presumption of injurious intent.

Here, neither presumption is applicable. First, Sub Corp has submitted no admissible evidence supporting its contention that Best Buy sells CDs or DVDs at below cost prices. All of the evidence upon which Sub Corp relies was excluded by the district court. Because Sub Corp does not dispute the district court's evidentiary rulings on appeal, it has waived any challenge to the court's exclusion of its evidence. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (holding that the failure to properly raise and brief an issue waives the argument).

Second, Sub Corp has failed to make a sufficient showing of the injurious effect of Best Buy's allegedly unlawful pricing practices to create a statutory presumption under § 17071. Injurious effect cannot be established from the mere fact that the plaintiff claims to have lost business, without a showing that plaintiff's lost sales are attributable to the defendant's actions. Here, Best Buy submitted evidence showing that, due to increased internet sales of downloaded music and movies, among other factors, CD and DVD sales have dropped substantially across the industry. Because Sub Corp offers no concrete evidence to show that its

4

alleged loss in sales volume is attributable to Best Buy's pricing practices as opposed to other factors affecting the CD and DVD markets, it is not entitled to the § 17071 presumption.

In addition, Best Buy tendered significant evidence showing that its pricing practices were undertaken with an intent to maintain its market share and expand its customer base.

Absent a presumption, or if a presumption is rebutted, "the burden shifts back to the moving party to offer actual proof of injurious intent." *Western Union Financial Servs., Inc. v. First Data Corp.*, 20 Cal.App.4th 1530, 1540 (1993). To make this showing, Sub Corp relies upon statements in its complaint and affidavits which state in a conclusory fashion that Best Buy has acted with the intent to injure Sub Corp and competition generally. The district court disallowed the affidavits, and Sub Corp does not challenge that ruling on appeal. Thus, the plaintiff is left with the general, conclusory allegations of the complaint, which are not sufficient to satisfy the pleading requirements under §§ 17043-44.

Because Sub Corp cannot show that the statutory presumptions are applicable to the present case and has failed to rebut Best Buy's evidence that its pricing practices are not undertaken with an injurious intent, we affirm the district court's grant of summary judgment as to Sub Corp's claims under the UPA.

5

**II**

The district court properly granted summary judgment on California Business and Professions Code § 17200 *et seq*, California's Unfair Competition Law ("UCL"). The UCL prohibits "unfair competition," which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Sub Corp's complaint does not specify whether Sub Corp is asserting a claim for unlawful, fraudulent, or unfair business practices. The district court correctly concluded that summary judgment is appropriate given the absence of evidence supporting a claim under any one of these theories.

**III**

Sub Corp contends that the district judge erred in refusing to allow Sub Corp more time to complete discovery prior to a hearing on Best Buy's summary judgment motion. Sub Corp's request for additional discovery did not comply with the requirements of Fed. R. Civ. P. 56(f). Specifically, Sub Corp did not submit affidavits setting forth the particular facts expected from further discovery, and made no showing that its sought-after facts exist and are "essential" to resist the summary judgment motion. *California ex rel. California Dep't of Toxic*

*Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Thus, the

district court properly dismissed Sub Corp's request.


**AFFIRMED.**